IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONNIE FAMOUS,

                      Plaintiff,                    ORDER

    v.

                                                  12-cv-144-wmc

DOE ZOHIA, RICHARD HEIDORN,
DOE WATERFORD, JANE DOE NURSE,
ANDREW KESSLER, KATHY BRESTER,
MICHAEL BAENEN, JEANANNE ZWIERS,
DAVE BURNETT, JAMES RICHTER, and
ESTATE OF JAMES WONG,

                      Defendants.

---

      In this civil action under 42 U.S.C. § 1983, plaintiff Ronnie Famous, an inmate at Green Bay Correctional Institution, alleges that defendants -- nurses, doctors, and health care administrators for the Wisconsin Department of Corrections and correctional institutions where Famous has been incarcerated -- were deliberately indifferent to his medical needs in violation of the Eighth Amendment rights and committed malpractice under state law in their treatment of him. This court previously screened Famous's complaint pursuant to 28 U.S.C. § 1915, and allowed him to proceed on these claims. (Dkt. #13.) Following a telephonic preliminary pretrial conference, the court granted plaintiff's request to assist him in recruiting voluntary counsel and stayed further proceedings in the case pending this action. (Dkt. #38.)

      This court has attempted to recruit an attorney to represent Famous in this action, but has been unsuccessful to date in doing so, no doubt because of the requirements of

travel outside this district to meet with the plaintiff. Since the incidents giving rise to the complaint appear to have occurred at the Green Bay Correctional Institution, where plaintiff is currently in custody, or the Wisconsin Resource Center in Winnebago, near Oshkosh, this case could (and probably should) have been venued in the Green Bay Division of the Eastern District of Wisconsin, where both institutions are located. 28 U.S.C. §§ 130(a), 1391(b). Because it appears that plaintiff and the defendants (other than Wisconsin's Medical Administrator for the Bureau of Health Services, Dave Burnett) are located in or near Green Bay or Winnebago, or at least work there, the convenience of the parties would appear better served by this venue. Moreover, given the plaintiff's unique need for representation, the interests of justice would be served by recruitment of counsel near both plaintiff and the courthouse. Accordingly, the court will exercise its discretionary authority under 28 U.S.C. § 1404(a) and § 1406(a), and transfer this case to the Green Bay Division of the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that this case is transferred to the Green Bay Division of the Eastern District of Wisconsin.

Entered this 15th day of February, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2

Case 2:13-cv-00195-RTR   Filed 02/20/13   Page 2 of 2   Document 39