<pre>
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
</pre>

**RONNIE L. FAMOUS,**

        Plaintiff,

        -vs-                                    Case No. 13-CV-195

**DOE ZOHIA, et al.,**

        Defendants.

## DECISION AND ORDER

On May 28, 2015, the plaintiff filed a "motion to reconsider motion to terminate counsel and appoint new counsel" (ECF No. 92). By this motion, which was prepared by another inmate but signed by the plaintiff, the plaintiff asserts that he needs a new attorney to conduct discovery and respond to the defendants' motions for summary judgment. The plaintiff asserts that his *pro bono* attorney, Mr. Joseph Newbold, told him that he is going to file a response brief stating that the Court should change the law. According to the plaintiff, the law does not need to be changed but, rather, he needs a new attorney to conduct discovery and respond to the defendants' motions for summary judgment. Lastly, the plaintiff states that he cannot litigate on his own due to his mental illness and that the inmate assisting him is transferring soon and will no longer be able to help him.

By way of background, on May 20, 2015, the Court held a telephonic status conference regarding Attorney Newbold's motion to withdraw as *pro bono* counsel for the plaintiff, and the plaintiff's motion for a new attorney. Attorney Newbold's motion charged that he and the plaintiff had an irreconcilable dispute regarding the strategy for litigating the case. In the plaintiff's motion for a new attorney, he stated that Attorney Newbold had "not done anything in this case since being appointed a year and a half ago[.]" (ECF No. 88.) Specifically, the plaintiff stated that Attorney Newbold never amended the complaint, took any depositions, or named any expert witnesses. Attorney Newbold filed a letter response in which he "strongly disagree[d] with Mr. Famous' characterization of my representation" but stated that "due to privilege concerns I am precluded from discussing the specifics of my disagreement and my communications with Mr. Famous." (ECF No. 89.)[1]

Following discussion at the status conference, the Court held Attorney Newbold's motion to withdraw in abeyance pending resolution of the defendants' motions for summary judgment, denied the plaintiff's

---

[1] Defendant Dr. James Richter filed a response to Attorney Newbold's motion to withdraw in which he stated that he did not oppose the withdrawal. Defendant Richter also stated: "It is this defendant's position and observation that Attorney Newbold has done the very best he could, under circumstances that, at best, were extremely difficult, and more likely, essentially impossible to handle." (ECF No. 87.)

motions to appoint new counsel, and denied as moot the plaintiff's motion to stay. The Court ordered the plaintiff to respond to the defendants' motions for summary judgment by July 20, 2015, specifically directing Attorney Newbold to file a response by July 20, 2015, and also advising the plaintiff that he could file his own response by July 20, 2015. Lastly, the Court directed the defendants to file reply briefs by August 3, 2015.

Given this background, the Court will now address the plaintiff's instant motion to reconsider motion to terminate counsel and appoint new counsel. The question whether to permit a substitution of counsel rests within the sound discretion of the district court. *Lewis v. Lane*, 816 F.2d 1165, 1169 (7th Cir. 1987) (reversing magistrate judge's grant of summary judgment for § 1983 defendants and against inmate plaintiff on basis that substitute counsel should be appointed and given the opportunity to file counter-affidavits in opposition to defendants' summary judgment motion). The *pro bono* attorney in *Lewis* failed to accept calls from his client who was incarcerated, did not visit the prison, never got in touch with his other client (he represented two prisoners), and did not file an amended complaint. *Id.* at 1169-70. At a hearing on the motion to substitute, the *pro bono* attorney told the magistrate judge that "he had not yet reviewed the pleadings and would need more time to file an amended complaint but

- 3 -

that he did not know when he would be able to find the time in the future to devote to this case." *Id.* at 1170. The court of appeals determined that, when ruling on the motion for summary judgment, the magistrate judge "was aware that no counter-affidavits had been filed, and in light of [the attorney's] track record, he should have realized that [the attorney's] failure to file affidavits was very likely due to the attorney's continued lack of diligence rather than a strategic decision." *Id.*; *see also Harris v. Fleming*, 993 F.2d 1549, *4 (7th Cir. 1993) (remanding to district court for appointment of substitute counsel after original *pro bono* counsel failed to respond to summary judgment and nothing in record suggested that counsel took any action to further client's claim).

In this case, the plaintiff charges that Attorney Newbold has not done anything on his case. Attorney Newbold denies that (as does counsel for defendant Dr. Richter). At the May 20, 2015, telephonic status conference, Attorney Newbold stated that he and the plaintiff had a fundamental disagreement about the way to proceed in the case, specifically with regard to his response to the defendants' motions for summary judgment. Attorney Newbold also disagreed with the plaintiff's contention that he did not conduct discovery and stated that he had the plaintiff's medical record which he had presented to the plaintiff. The

- 4 -

Court recommended that the plaintiff let Attorney Newbold respond to summary judgment for him, and Attorney Newbold agreed to do so. The Court also stated that the plaintiff could file his own summary judgment response if he wanted. Additionally, the Court advised the plaintiff that it would not recruit another attorney to represent him.[2]

Attorney Newbold's representations reveal that his decisions in this case relate to strategy, not lack of diligence. However, it is apparent that Attorney Newbold and the plaintiff disagree on how proceed with this case. Although the Court previously encouraged the plaintiff to let Attorney Newbold stay on long enough to respond to summary judgment, the Court will not force the plaintiff (or Attorney Newbold) to do so. Currently, the Court's order of May 20, 2015, that Attorney Newbold respond to summary judgment by July 20, 2015, is in effect.[3] If the plaintiff does not want Attorney Newbold to file a response to summary judgment, he should inform the Court by July 6, 2015, and the Court will then grant Attorney Newbold's motion to withdraw. However, the plaintiff is advised that the

---

[2] The Status Conference Call Minutes do not reflect any statements from the conference. Rather, these statements are taken from the Court's notes which were taken during the telephonic status conference. The status conference was not recorded.

[3] As indicted, that order also stated that the plaintiff could file his own response to summary judgment.

- 5 -

Court is unable to recruit a new *pro bono* attorney to represent him.[4]

The parties are reminded that the plaintiff's response to the defendants' motions for summary judgment is due by July 20, 2015, and the defendants' replies are due by August 3, 2015. These deadlines remain in effect whether or not Attorney Newbold stays on the case. No further extensions will be granted.

Also on May 28, 2015, the plaintiff filed a motion for physical examination pursuant to Federal Rule of Civil Procedure 35(a) (ECF No. 93). However, the deadline for the completion of discovery was November 11, 2014. The Court will not reopen discovery at this stage.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to appoint new counsel (ECF No. 92) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 92) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall inform the Court by **July 6, 2015**, whether he still wants Attorney Newbold to

---

[4] Throughout the course of this case, the Court has contacted seven attorneys, including Attorney Newbold, to represent the plaintiff. *See Nwanze v. Phillip Morris, Inc.*, 100 F. Supp. 2d 215, 218 n.3 (S.D. N.Y. 2000) (noting that court contacted six attorneys but was unable to find attorney acceptable to the plaintiffs and willing to represent them).

respond to the defendants' motions for summary judgment.

**IT IS FURTHER ORDERED** that the plaintiff's motion for physical examination (ECF No. 93) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 7 -

Case 2:13-cv-00195-RTR   Filed 06/25/15   Page 7 of 7   Document 95